**VENABLE LLP**
Jonathan L. Ko (SBN 321827)
  jlko@Venable.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

**VENABLE LLP**
Frank C. Cimino, Jr. (*pro hac vice forthcoming*)
  fccimino@Venable.com
Megan S. Woodworth (*pro hac vice forthcoming*)
  mswoodworth@Venable.com
Jeffri A. Kaminski (*pro hac vice forthcoming*)
  jakaminski@Venable.com
600 Massachusetts Avenue, NW
Washington, DC  20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

*Attorneys for SAP America, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAP AMERICA, INC.<br><br>                Plaintiff,<br><br>        v.<br><br>CORENT TECHNOLOGY, INC.<br><br>                Defendant. | Case No. 8:26-cv-00237<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

1

Plaintiff, SAP America, Inc. ("SAP") brings this Complaint against Defendant Corent Technology, Inc. ("Corent" or "Defendant"). In support of this Complaint for Declaratory Judgment, SAP alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement of U.S. Patent Nos. 8,326,876 ("the '876 Patent"), 9,495,372 ("the '372 Patent"), 10,824,591 ("the '591 Patent"), 10,305,761 ("the '761 Patent"), 10,320,893 ("the '893 Patent"), and 11,019,136 ("the '136 Patent") (collectively, the "Asserted Patents"), under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 101 et seq., and for other relief the Court deems just and proper.

2. SAP is a global leader in enterprise applications and business AI software. SAP's product offerings include, *inter alia*, cloud platforms, software services, and related offerings.

3. SAP seeks declaratory judgment that products and services, including but not limited to its cloud platforms, software services, and related offerings (the "Accused Products"), do not infringe, and have not infringed, directly or indirectly, any claim of the Asserted Patents, either literally or under the doctrine of equivalents.

4. An actual, substantial, and immediate controversy exists between SAP and Corent regarding alleged infringement of the Asserted Patents, arising from Corent's express allegations of infringement and demands for a patent license.

## FACTUAL BACKGROUND

5. SAP develops, markets, and offers enterprise software and cloud-based products and services that enable customers to build, deploy, manage, and operate applications and data in modern computing environments.

6. Corent purports to be the owner of the Asserted Patents, which generally relate to alleged techniques for (i) enabling multi-tenant operation of

1  applications, (ii) monitoring and billing usage of cloud resources, and (iii)
2  partitioning and mapping application workloads in cloud environments.
3      7.   On December 23, 2025, Corent, through its outside counsel Cherry
4  Johnson Siegmund James, PLLC, sent SAP a written notice letter accusing SAP's
5  products and services of infringing Claim 1 of each of the Asserted Patents. *See*
6  Ex. 1 (Dec. 23, 2025 Corent Letter) at 1–2. Corent stated that its "products and
7  services embody patented innovations," and that SAP "may be making, using,
8  selling, offering to sell, and/or importing into the United States products or
9  services ("offerings") that infringe, or have infringed, one or more claims of the
10 Corent Patents." *Id*. at 1.
11     8.   Corent's letter further stated that Corent's "intention is to allow SAP
12 to continue its use of the patented technologies through a license from Corent," and
13 represented that "Microsoft Corporation recently took a license from Corent." Ex.
14 1 at 1.
15     9.   Corent sued Microsoft for infringing four of the six Asserted Patents
16 (U.S. Patent Nos. 9,495,372; 10,305,761; 10,320,893; and 11,019,136). *See* Ex. 2
17 (Microsoft Complaint).
18     10.  Corent made clear that it would continue evaluating SAP's products
19 and services and "may bring additional patents and/or offerings to SAP's attention
20 as appropriate." Ex. 1 at 1.
21     11.  Corent's infringement accusations were specific, concrete, and
22 directed to identified SAP offerings, including cloud-based platforms and services
23 expressly listed in an attached chart to the December 23, 2025 letter. *See* Ex. 1 at
24 Ex. A (identifying specific SAP products and asserting infringement of Claim 1 of
25 each of U.S. Patent Nos. 8,326,876; 9,495,372; 10,824,591; 10,305,761;
26 10,320,893; and 11,019,136).
27     12.  Corent has accused SAP's BTP - Billing Service; S/4 HANA
28 Migration Cockpit; BTP - Kyma Runtime; and S/4 HANA on Kubernetes of

3

infringing its patents. Corent's express accusations and licensing demand created an immediate and substantial controversy of sufficient reality and immediacy to warrant declaratory relief.

13. SAP denies that its products or services infringe any claim of any of the Asserted Patents. SAP further contends that Corent's infringement allegations are unfounded and incorrect.

14. Corent's December 23, 2025 letter situates SAP within a broader enforcement and licensing campaign directed at large enterprise software and cloud providers. In particular, Corent represented that "Microsoft Corporation recently took a license from Corent," Ex. 1 at 1, and conveyed that Corent was evaluating SAP's offerings for potential infringement in light of that licensing activity. Corent's reference to Microsoft was made in the context of encouraging SAP to enter into licensing discussions and underscored Corent's intent to monetize the Asserted Patents through demands for licenses backed by the threat of infringement litigation.

15. To further its demand for a license, Corent requested SAP to enter an NDA with Corent. *See* Ex. 1 at 1.

16. SAP and Corent then communicated regarding the NDA. Corent requested that SAP prepare and provide to Corent a standard NDA. SAP agreed to do so, and provided a standard NDA to Corent on January 20, 2026. Cornet, however, did not execute the NDA. It instead proposed modifications to limit SAP's ability to exercise SAP's rights to file a declaratory judgment action.

17. In the meantime, Corent filed another patent suit, this time against Amazon, on January 27, 2026 alleging infringement of four of the six Asserted Patents (U.S. Patent Nos. 9,495,372; 10,305,761; 10,320,893; and 11,019,136). These are the same patents Corent asserted against Microsoft.

18. The Amazon complaint states that on December 22, 2025, Corent sent Amazon (AWS) "a letter notifying AWS of its past and ongoing infringement of

Corent's patents. This letter identified the patents at issue in this case with AWS's infringing products. For instance, Corent informed AWS that AWS Marketplace has infringed and continues to infringe the '761 Patent. Similarly, Corent informed AWS that AWS Migration and EKS have infringed and continue to infringe both the '893 and '136 Patents, and that AWS Serverless SaaS has infringed and continues to infringe the '372 Patent." Ex. 3 at ¶ 137 (Amazon Complaint).

19. Corent's demand letter to Amazon is dated one day prior to Corent's demand letter to SAP. Corent moved from letter to litigation in the course of just over one month, reinforcing the threat of imminent litigation against SAP within a similar same time frame.

20. As a result of Corent's allegations, licensing demands and enforcement campaign, SAP has been placed in a position of uncertainty and risk with respect to its continued development, marketing, and provision of its products and services.

21. Functionality of SAP Business Technology Platform (BTP) is described in documentation at https://help.sap.com/docs/BTP.

22. Information on the operation of SAP Billing Service within BTP is described in documentation at https://help.sap.com/docs/btp/sap-business-technology-platform/service-plans-and-metering-for-cloud-foundry-runtime?q=BTP+-+Billing+Service and https://help.sap.com/docs/btp/sap-btp-neo-environment/monitoring-usage-and-consumption-costs-in-your-global-account.

23. Information on SAP BTP -Kyma Runtime is described in documentation at https://help.sap.com/docs/btp/sap-business-technology-platform/development-in-kyma-environment; https://learning.sap.com/courses/developing-applications-in-sap-btp-kyma-runtime/explaining-the-basic-concepts-of-kubernetes_b065dc6b-66e3-49e8-8554-65e0ec6de5dc;  and https://help.sap.com/docs/btp/sap-business-technology-platform/getting-started-in-kyma-environment.

24. Functionality of SAP HANA is described in documentation at https://help.sap.com/docs/SAP_HANA_PLATFORM.

25. Information on SAP's S/4 HANA Migration Cockpit is available at https://help.sap.com/docs/SAP_S4HANA_CLOUD/d5699934e7004d048c4801b552f3b013/f32db0c240484241abc53a876253e118.html and https://www.sap.com/documents/2017/07/26113ac0-c47c-0010-82c7-eda71af511fa.html.

26. Information on SAP S/4 HANA on Kubernetes is provided in documentation at https://learning.sap.com/courses/developing-applications-in-sap-btp-kyma-runtime/explaining-the-basic-concepts-of-kubernetes_b065dc6b-66e3-49e8-8554-65e0ec6de5dc.

## THE PARTIES

27. Plaintiff SAP is a Delaware corporation with a principal place of business at 3999 West Chester Pike, Newtown Square, PA 19073.

28. Defendant Corent is a Delaware corporation with its principal place of business located in this District at 65 Enterprise, Aliso Viejo, CA 92656.

## THE ASSERTED PATENTS

29. The '876 Patent is titled "Multi-Tenant Agile Database Connector" and issued on December 4, 2012.

30. The '372 Patent is titled "Multi-Tenant Agile Database Connector" and issued on November 15, 2016. The '372 Patent is related to the '876 Patent and shares a substantially similar specification.

31. The '591 Patent is titled "Automatic Transformation of Single-Tenant Software Applications to Multi-Tenant SaaS Systems" and issued on November 3, 2020. The '591 Patent is a continuation in the same patent family as the '876 and '372 Patents.

32. The '761 Patent is titled "Multi-Application SaaS Metering Engine" and issued on May 28, 2019.

33. The '893 Patent is titled "Partitioning and Mapping Workloads for Scalable SaaS Applications on Cloud" and issued on June 11, 2019.

34. The '136 Patent is titled "Partitioning and Mapping Workloads for Scalable SaaS Applications on Cloud" and issued on May 25, 2021. The '136 Patent is a continuation of the '893 Patent and shares a substantially identical disclosure.

## JURISDICTION AND VENUE

35. This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under the patent laws of the United States, Title 35 of the United States Code.

36. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

37. Pursuant to 28 U.S.C. § 2201, this Court can provide the declaratory relief sought in SAP's Complaint because an actual case or controversy exists between SAP and Corent. An actual case or controversy exists at least because SAP does not infringe and has not infringed any claims of the Asserted Patents.

38. This Court has personal jurisdiction over Corent because of its place of business is in this District.

39. Venue is proper in this District under 28 U.S.C. § 1391 because Corent has a regular and established place of business in this District and is subject to personal jurisdiction here. Corent maintains its principal place of business in Orange County, California, within this District.

40. An immediate, real, and justiciable controversy exists between SAP and Corent as to whether SAP is infringing or has infringed the Asserted Patents.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment that SAP Does Not Infringe the '876 Patent)

41. SAP repeats and re-alleges each and every allegation contained in paragraphs 1–40 of this Complaint as if fully set forth herein.

42. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and Corent regarding whether SAP infringes any claim of the '876 patent.

43. SAP does not directly or indirectly infringe any claim of the '876 patent, either literally or under the doctrine of equivalents.  The Accused Products do not include one or more elements required by Claim 1 of the '876 Patent, including but not limited to the claimed interface, handler, translator, and tenant-specific command translation features as properly construed. For example, SAP does not infringe the claims of the '876 patent at least because its cloud computing platform and Business Technology Platform do not provide a "handler that authorizes, through an authorization, whether the non-tenant-specific data access command is translated to a tenant-specific data access command" or "a translator that, upon receipt of the authorization from the handler, translates the non-tenant-specific data access command into the tenant-specific data access command that accesses a first subset of data within the data repository accessible by the data collection module installed on the computer system"  as required by the claims.

44. SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '876 patent, directly or indirectly, literally or by equivalence.

## SECOND CLAIM FOR RELIEF

## (Declaratory Judgment that SAP Does Not Infringe the '372 Patent)

45. SAP repeats and re-alleges each and every allegation contained in paragraphs 1–44 of this Complaint as if fully set forth herein.

46. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and Corent regarding whether SAP infringes any

claim of the '372 patent.

47. SAP does not directly or indirectly infringe any claim of the '372 patent, either literally or under the doctrine of equivalents. The Accused Products do not practice one or more of the elements of Claim 1 of the '372 Patent, including but not limited to the claimed translator, handler, tenant-specific command routing, and return-path bypass features. For example, SAP does not infringe the claims of the '372 patent at least because its cloud computing platform and Business Technology Platform do not provide a "translator logically disposed between (a) the first non-tenant aware data repository and (b) the application, and configured to translate at least first and second non-tenant specific data access commands received from the application into first and second tenant-specific data access commands, respectively, using the inferred unique tenant identifiers" or "a handler separate from the non-application source, the handler logically disposed between (a) the first non-tenant aware data repository and (b) the application, and configured to pass the first and second tenant-specific data access commands to the first data repository, respectively."

48. SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '372 patent, directly or indirectly, literally or by equivalence.

**THIRD CLAIM FOR RELIEF**

**(Declaratory Judgment that SAP Does Not Infringe the '591 Patent)**

49. SAP repeats and re-alleges each and every allegation contained in paragraphs 1–48 of this Complaint as if fully set forth herein.

50. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and Corent regarding whether SAP infringes any claim of the '591 patent.

51. SAP does not directly or indirectly infringe any claim of the '591

patent, either literally or under the doctrine of equivalents. The Accused Products do not perform at least one of the claimed steps of Claim 1 of the '591 Patent, including the alleged automatic transformation of single-tenant applications into multi-tenant applications as required by the claim. For example, SAP does not infringe the claims of the '591 patent at least because its cloud computing platform and Business Technology Platform do not provide "a tenant-aware translator between the non-tenant-aware application and at least one of the first tenant-aware data repository and the second tenant-aware data repository" as required by the claims.

52. SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '591 patent, directly or indirectly, literally or by equivalence.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Judgment that SAP Does Not Infringe the '761 Patent)

53. SAP repeats and re-alleges each and every allegation contained in paragraphs 1–52 of this Complaint as if fully set forth herein.

54. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and Corent regarding whether SAP infringes any claim of the '761 patent.

55. SAP does not directly or indirectly infringe any claim of the '761 patent, either literally or under the doctrine of equivalents. The Accused Products do not include the claimed metering, identity, aggregation, subscription, and rendering engines of Claim 1 of the '761 Patent as properly construed. For example, SAP does not infringe the claims of the '761 patent at least because its cloud computing platform and Business Technology Platform do not generate "total activity aggregate of all instances that belong to a same zone;" and does not provide a summary of total activity from "all instances that belong to a same zone"

as required by the claims.

56. SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '761 patent, directly or indirectly, literally or by equivalence.

### FIFTH CLAIM FOR RELIEF

### (Declaratory Judgment that SAP Does Not Infringe the '893 Patent)

57. SAP repeats and re-alleges each and every allegation contained in paragraphs 1–56 of this Complaint as if fully set forth herein.

58. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and Corent regarding whether SAP infringes any claim of the '893 patent.

59. SAP does not directly or indirectly infringe any claim of the '893 patent, either literally or under the doctrine of equivalents. The Accused Products do not perform the claimed scanning, partitioning, mapping, and rendering operations of Claim 1 of the '893 Patent as properly construed. For example, SAP does not infringe the claims of the '893 patent at least because its cloud computing platform and Business Technology Platform do not provide a system for configuring workloads, assign partitions to a "discrete cloud resource," and there is no rendering engine constructing a migration plan that migrates workloads to "discrete cloud resources" as required by the claims.

60. SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '893 patent, directly or indirectly, literally or by equivalence.

### SIXTH CLAIM FOR RELIEF

### (Declaratory Judgment that SAP Does Not Infringe the '136 Patent)

61. SAP repeats and re-alleges each and every allegation contained in paragraphs 1–60 of this Complaint as if fully set forth herein.

62. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and Corent regarding whether SAP infringes any claim of the '136 patent.

63. SAP does not directly or indirectly infringe any claim of the '136 patent, either literally or under the doctrine of equivalents. The Accused Products do not perform the claimed method of Claim 1 of the '136 Patent, including the claimed workload partitioning, mapping, and ranking steps. For example, SAP does not infringe the claims of the '136 patent at least because its cloud computing platform and Business Technology Platform do not provide a method for configuring workloads, and there is no "constructing a plurality of workload assignment maps to assign to each of the workloads in accordance with the created partition" or "ranking each one of plurality of workload assignment maps based on a set of rule" as required by the claims.

64. SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '136 patent, directly or indirectly, literally or by equivalence.

## SAP'S PRAYER FOR RELIEF

SAP respectfully requests this Court grant judgment and relief as follows:

(a) Declaring that SAP does not directly or indirectly infringe any claim of the '876 patent, either literally or under the doctrine of equivalents;

(b) Declaring that SAP does not directly or indirectly infringe any claim of the '372 patent, either literally or under the doctrine of equivalents;

(c) Declaring that SAP does not directly or indirectly infringe any claim of the '591 patent, either literally or under the doctrine of equivalents;

(d) Declaring that SAP does not directly or indirectly infringe any claim of the '761 patent, either literally or under the doctrine of equivalents;

(e) Declaring that SAP does not directly or indirectly infringe any claim

of the '893 patent, either literally or under the doctrine of equivalents;

  (f) Declaring that SAP does not directly or indirectly infringe any claim of the '136 patent, either literally or under the doctrine of equivalents;

  (g) A permanent injunction restraining Corent, and its respective officers, agents, servants, employees, attorneys, and any other persons acting on their behalf or in concert with them, from charging or threatening, orally or in writing, that the Asserted Patents have been infringed by SAP under any subsection of 35 U.S.C. § 271;

  (h) An order that this case is "exceptional" pursuant to 35 U.S.C. § 285 entitling SAP an award of its reasonable and necessary attorneys' fees, expenses, and costs, and pre-judgment interest thereon;

  (i) An order awarding SAP its costs of suit incurred in this action; and

  (j) Granting to SAP such other and further relief as this Court deems just and proper.

Dated: January 30, 2026

VENABLE LLP

By: /s/ *Jonathan L. Ko*
  Jonathan L. Ko
  Frank C. Cimino, Jr.
  (*pro hac vice forthcoming*)
  Megan S. Woodworth
  (*pro hac vice forthcoming*)
  Jeffri A. Kaminski
  (*pro hac vice forthcoming*)

Attorneys for Plaintiff
SAP America, Inc.

## **DEMAND FOR A JURY TRIAL**

In accordance with Federal Rules of Civil Procedure 38, SAP demands a jury trial on all issues and claims so triable.

Dated: January 30, 2026

VENABLE LLP

By: /s/ *Jonathan L. Ko*
Jonathan L. Ko
Frank C. Cimino, Jr.
(*pro hac vice forthcoming*)
Megan S. Woodworth
(*pro hac vice forthcoming*)
Jeffri A. Kaminski
(*pro hac vice forthcoming*)

Attorneys for Plaintiff
SAP America, Inc.